UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REFLEX PACKAGING, INC.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>STEPHEN GOULD CORPORATION,<br><br>　　　　　　Defendant. | Case No.: CV 10-2909 LHK (PSG)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER**<br><br>**(Re: Docket No. 31)** |

On January 12, 2011, Judge Koh ordered Plaintiff Reflex Packaging, Inc. ("Reflex") and Defendant Stephen Gould Corporation ("SGC") to submit a stipulated protective order by January 26, 2011.[1] While generally agreeing on terms supplied by this District's Model Protective Order for patent cases,[2] the parties have been unable to agree on two specific issues: (1) the appropriate scope of the Attorney's Eyes Only ("AEO") confidentiality designation and (2) whether to include the bar on patent prosecution for those individuals with access to AEO materials. On January 28, 2011, Reflex filed a motion for a protective order with its proposed language. SGC opposes. On February 8, 2011, the parties appeared for a hearing on Reflex's motion.

---

[1] *See* 1/12/2011 Minute Entry and Case Management Order (Docket No. 28).

[2] Model form for a Patent Local Rule 2-2 Interim Model Protective Order ("Model Protective Order"). Under Patent L.R. 2-2, the Model Protective Order "shall govern discovery unless the Court enters a different protective order."

Based on the briefs and arguments presented, IT IS HEREBY ORDERED that Reflex's motion is DENIED.

With respect to the first issue, the parties agree that an AEO designation[3] may be appropriate for six specific categories of information:

- the Parties' non-public financial information, as it relates to costs, revenues and profits generally or from specific products;
- information of a competitively or commercially sensitive or proprietary nature or trade secrets regarding any thermoformed cushioning materials made by or for a Party;
- non-public customer information, including non-public arrangements and agreements with customers and the prices at which products are sold to customer, but not including the names of the customers or identification of the products sold to them;
- research and development materials concerning unreleased products or services;
- the confidential terms of any licenses;
- information regarding the number of units of specific thermoformed products manufactures, purchases, sold, imported, exported, or used by or for one of the Parties

Where the parties disagree is whether either party may apply the AEO designation to any other categories of information. Reflex argues that AEO should only be permitted with respect to the six categories of information list above because the open-ended standard for AEO designation in the model protective order could lead to over-designation of documents as AEO. This in turn could impose additional litigation costs and prevent open communications between Reflex and its lead trial counsel Michael Carlson ("Carlson").

While the court appreciates any proactive efforts to limit over-designation of documents as AEO, it does not find any particular risk of over-designation in this particular case. The court further observes that any risk of over-designation is mitigated by the Model Protective Order's mechanism for challenging confidentiality designations, which places the burden of justifying any designation squarely on the designating party.[4]

With respect to the second issue, Reflex contends that a strict bar on patent prosecution for those provided access to AEO materials would impose an undue burden on its representation by Carlson. Reflex further notes that the risk of inadvertent disclosure justifying any patent prosecution

---

[3] Paragraph 2.8 of the Model Protective Order provides:
"'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY' Information or Items: extremely sensitive 'Confidential Information or Items,' disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means."

[4] Model Protective Order ¶¶ 5, 6.

bar is minimal here, because Carlson is not licensed to practice before the Patent and Trademark Office and has had only peripheral involvement in patent prosecution matters:

> "[M]y firm has never prosecuted patents for [Reflex]. I have no role in crafting the contents of Plaintiff's patent applications or in advising [Reflex] about the strategy of their patent portfolio. [Reflex's] patent prosecution work is done by a patent agent, who interfaces with foreign patent agents when prosecution is taking place outside of the United States and Canada. On rare occasions, [Reflex's] patent agent has asked me to comment on a piece of prior art or on an office action. I can recall that happening on one occasion during the past two years, in connection with a patent application pending in Japan."[5]

As an initial matter, the court does not find that the bar in the Model Protective Order is especially strict in the context of this case. The parties are alleged to be direct competitors. The language setting out the bar applies only to prosecution involving the same technology at issue in the case– here, thermoformed cushioned products. The language further excludes from the bar "representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination or inter partes reexamination)," and expires two years after final termination of the action.[6] These limitations are consistent with the Federal Circuit's recent pronouncement that a party seeking imposition of a patent prosecution bar must show that the information designated to trigger the bar, the scope of activities prohibited by the bar, the duration of the bar, and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary competitive information.[7]

As for Reflex's claim that Carlson is only peripherally involved in prosecution, that argument cuts in favor of, not against, imposing a bar, because it suggests the impact of a bar on Reflex's patent prosecution activities will be extremely small. Although Carlson's involvement in prosecution in the past has been infrequent, "investigating prior art relating to [new inventions and inventions under development]"[8] is the type of engagement in prosecution that implicates competitive decisionmaking

---

[5] *See* 1/28/11 Carlson Decl. ¶ 6-7 (Docket No. 33).

[6] Model Protective Order ¶ 8.

[7] *See In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1381 (Fed. Cir. 2010).

[8] *Id.* at 1380.

and justifies imposition of a prosecution bar. Under these circumstances, the court finds "good cause"[9] to adhere to the default language that the Model Protective Order provides.

Dated: February 8, 2011

*[signature]*
PAUL S. GREWAL
United States Magistrate Judge

---

[9] Fed. R. Civ. P. 26(b)(3).