1   MICHAEL M. CARLSON (SBN 88048)
    MCarlson@Schnader.com
2   SCHNADER HARRISON SEGAL & LEWIS LLP
    One Montgomery Street, Suite 2200
3   San Francisco, California 94104-5501
    Telephone: 415-364-6700
4   Facsimile: 415-364-6785

5   Attorneys for Plaintiff and Counterclaim Defendant
    REFLEX PACKAGING, INC.
6
    S. FEY EPLING (SBN 190025)
7   fey.epling@dbr.com
    DRINKER BIDDLE & REATH LLP
8   50 Fremont Street, 20th Floor
    San Francisco, CA  94105-2235
9   Telephone:    (415) 591-7500
    Facsimile:    (415) 591-7510
10
    GREGORY J. LAVORGNA *(admitted pro hac vice)*
11  gregory.lavorgna@dbr.com
    DRINKER BIDDLE & REATH LLP
12  One Logan Square, Ste. 2000
    Philadelphia, PA  19103-6996
13  Telephone:    (215) 988-2700
    Facsimile:    (215) 988-2757
14
    Attorneys for Defendant and Counterclaimant
15  STEPHEN GOULD CORPORATION

16              UNITED STATES DISTRICT COURT

17      NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18

19  REFLEX PACKAGING, INC.,
                                          **Case No. 5:10-cv-2909 (LHK)**
20              Plaintiff,
                                          **PROTECTIVE ORDER**
21          v.

22  STEPHEN GOULD CORPORATION,
                                          [Complaint Filed:  July 1, 2010]
23              Defendant.

24

25  AND RELATED COUNTERCLAIMS

26

27

28                              -1-

SF01/ 731819.1

PHDATA 3353433_3

1.     PURPOSES AND LIMITATIONS

Disclosure and discovery in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.     DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY".

2.5    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

-2-

Stipulated Protective Order For Litigation
Involving Patents, Highly Sensitive Confidential
Information And/Or Trade Secrets

SF01/ 731819.1

PHDATA 3353433_3

1      2.6      Expert:  a person with specialized knowledge or experience in a matter

2  pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert

3  witness or as a consultant in this action, (2) not a past or current employee of a Party or of a

4  Party's competitor and (3) at the time of retention, is not anticipated to become an employee of a

5  Party or of a Party's competitor.

6      2.7      "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" Information or

7  Items:  extremely sensitive "Confidential Information or Items," disclosure of which to another

8  Party or Non-Party or to House Counsel for a Party would create substantial risk of serious harm

9  that could not be avoided by less restrictive means.

10      2.8      House Counsel:  attorneys who are employees of a party to this action.

11  House Counsel does not include Outside Counsel of Record or any other outside counsel.

12      2.9      Non-Party:  any natural person, partnership, corporation, association, or

13  other legal entity not named as a Party to this action.

14      2.10      Outside Counsel of Record:  attorneys who are not officers, directors or

15  employees of a party to this action but are retained to represent or advise a party to this action and

16  have appeared in this action on behalf of that party or are affiliated with a law firm which has

17  appeared on behalf of that party.

18      2.11      Party:  any party to this action, including all of its officers, directors,

19  employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

20      2.12      Producing Party:  a Party or Non-Party that produces Disclosure or

21  Discovery Material in this action.

22      2.13      Professional Vendors:  persons or entities that provide litigation support

23  services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

24  organizing, storing, or retrieving data in any form or medium) and their employees and

25  subcontractors.

26      2.14      Protected Material:  any Disclosure or Discovery Material that is designated

27  as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

28                                          -3-                    Stipulated Protective Order For Litigation
                                                                   Involving Patents, Highly Sensitive Confidential
                                                                   Information And/Or Trade Secrets

2.15    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  The protections conferred by this Stipulation and Order, however, do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  For a period of six months after the final disposition of this action, this court will retain jurisdiction to enforce the terms of this order.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take

-4-

Stipulated Protective Order For Litigation
Involving Patents, Highly Sensitive Confidential
Information And/Or Trade Secrets

SF01/ 731819.1

PHDATA 3353433_3

reasonable care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents. items, or oral or written communications that qualify — so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)    <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the

-5-

Stipulated Protective Order For Litigation
Involving Patents, Highly Sensitive Confidential
Information And/Or Trade Secrets

SF01/ 731819.1

PHDATA 3353433_3

designation, all of the material made available for inspection shall be deemed "HIGHLY

CONFIDENTIAL — ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the

documents it wants copied and produced, the Producing Party must determine which documents,

or portions thereof, qualify for protection under this Order.  Then, before producing the specified

documents, the Producing Party must affix the appropriate legend to each page that contains

Protected Material.  If only a portion or portions of the material on a page qualifies for protection,

the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)     for testimony given in deposition or in other pretrial or trial

proceedings, that the Designating Party identify on the record, before the close of the deposition,

hearing, or other proceeding, all protected testimony and specify the level of protection being

asserted.  Alternatively, when it is impractical to identify separately each portion of testimony that

is entitled to protection and it appears that substantial portions of the testimony may qualify for

protection, the Designating Party may, before, during or immediately after the completion of the

deposition, hearing, or other proceeding, designate that all the testimony given and the entire

transcript thereof shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" until 21 days after the transcript prepared and delivered to counsel.

Thereafter, only those portions of the testimony and transcript that are appropriately designated for

protection within the 21 days following delivery of the transcript shall be covered by the

provisions of this Stipulated Protective Order.

Parties shall give the other parties notice if they reasonably expect a deposition,

hearing or other proceeding to include Protected Material so that the other parties can ensure that

only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

(Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition

shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

-- ATTORNEYS' EYES ONLY."

SF01/ 731819.1

PHDATA 3353433_3

1    Transcripts containing Protected Material shall have an obvious legend on the title
2    page that the transcript contains Protected Material, and the title page shall be followed by a list of
3    all pages (including line numbers as appropriate) that have been designated as Protected Material
4    and the level of protection being asserted by the Designating Party.  The Designating Party shall
5    inform the court reporter of these requirements.  Any transcript that is prepared before the
6    expiration of a 21-day period for designation shall be treated during that period as if it had been
7    designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" in its entirety unless
8    otherwise agreed.  After the expiration of that period, the transcript shall be treated only as
9    actually designated.

10    (c)    for information produced in some form other than documentary and
11    for any other tangible items, that the Producing Party affix in a prominent place on the exterior of
12    the container or containers in which the information or item is stored the legend
13    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY".  If only a
14    portion or portions of the information or item warrant protection, the Producing Party, to the extent
15    practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

16    5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure
17    to designate qualified information or items does not, standing alone, waive the Designating Party's
18    right to secure protection under this Order for such material.  Upon timely correction of a
19    designation, the Receiving Party must make reasonable efforts to assure that the material is treated
20    in accordance with the provisions of this Order.

21    6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

22    6.1    Timing of  Challenges.  Any Party or Non-Party may challenge a
23    designation of confidentiality at an time.  Unless a prompt challenge to a Designating Party's
24    confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary
25    economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its
26    right to challenge a confidentiality designation by electing not to mount a challenge promptly after
27    the original designation is disclosed.

28

-7-

Stipulated Protective Order For Litigation
Involving Patents, Highly Sensitive Confidential
Information And/Or Trade Secrets

SF01/ 731819.1

PHDATA 3353433_3

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidential designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

-8-

Stipulated Protective Order For Litigation Involving Patents, Highly Sensitive Confidential Information And/Or Trade Secrets

SF01/ 731819.1

PHDATA 3353433_3

1    The burden of persuasion in any such challenge proceeding shall be on the

2  Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass

3  or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party

4  to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to

5  file a motion to retain confidentiality as described above, all parties shall continue to afford the

6  material in question the level of protection to which it is entitled under the Producing Party's

7  designation until the Court rules on the challenge.

8    7.    ACCESS TO AND USE OF PROTECTED MATERIAL

9    7.1    Basic Principles.  A Receiving Party may use Protected Material that is

10  disclosed or produced by another Party or by a Non-Party in connection with this case only for

11  prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

12  disclosed only to the categories of persons and under the conditions described in this Order.  When

13  the litigation has been terminated, a Receiving Party must comply with the provisions of section

14  13 below (FINAL DISPOSITION).

15    Protected Material must be stored and maintained by a Receiving Party at a

16  location and in a secure manner that ensures that access is limited to the persons authorized under

17  this Order.

18    7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

19  ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

20  disclose any information or item designated "CONFIDENTIAL" only to:

21    (a)    the Receiving Party's Outside Counsel of Record in this action, as

22  well as employees of said Outside Counsel of Record to whom it is reasonably necessary to

23  disclose the information for this litigation and who have signed the "Acknowledgment and

24  Agreement to Be Bound" that is attached hereto as Exhibit A;

25    (b)    the officers, directors, and employees (including House Counsel) of

26  the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

27  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

28

Stipulated Protective Order For Litigation
Involving Patents, Highly Sensitive Confidential
Information And/Or Trade Secrets

SF01/ 731819.1

PHDATA 3353433_3

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the Court and its personnel;

(e)   court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3   Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

(a)   the Receiving Party's Outside Counsel of Record in this action. as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)   Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

-10-

Stipulated Protective Order For Litigation Involving Patents, Highly Sensitive Confidential Information And/Or Trade Secrets

SF01/ 731819.1

PHDATA 3353433_3

1    (c)    the Court and its personnel;

2    (d)    court reporters and their staff, professional jury or trial consultants,

3    and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who

4    have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5    (e)    the author or recipient of a document containing the information or a

6    custodian or other person who otherwise possessed or knew the information; and

7    (f)    the individual at the Receiving Party who has full authority to

8    negotiate a settlement of this action and who has signed the "Acknowledgment and Agreement to

9    Be Bound" (Exhibit A) Information regarding the number of units of each product accused of

10   infringement in this Action ("Accused Instrumentalities") that have been manufactured,

11   purchased, sold, imported, exported, or used by or for the Disclosing Party.  By receiving such

12   Information regarding the number of units of  Accused Instrumentalities manufactured, purchased,

13   sold, imported, exported, or used by or for the Disclosing Party, the Receiving Party shall be

14   deemed to have agreed to use such Information solely for purposes of this action and for no other

15   purpose.

16   7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY

17   CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items to Experts.

18   (a)    Unless otherwise ordered by the Court or agreed to in writing by the

19   Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any

20   information or item that has been designated "HIGHLY CONFIDENTIAL -- ATTORNEYS'

21   EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating

22   Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL - ATTORNEYS'

23   EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2)

24   sets forth the full name of the Expert and the city and state of his or her primary residence, (3)

25   attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5)

26   identifies each person or entity from whom the Expert has received compensation or funding for

27   work in his or her areas of expertise or to whom the expert has provided professional services,

28

-11-

Stipulated Protective Order For Litigation
Involving Patents, Highly Sensitive Confidential
Information And/Or Trade Secrets

1   including in connection with a litigation, at any time during the preceding five years and (6)

2   identities (by name and number of the case, filing date, and location of court) any litigation in

3   connection with which the Expert has offered expert testimony, including through a declaration,

4   report, or testimony at a deposition or trial, during the preceding five years.

5                        (b)      A Party that makes a request and provides the information specified

6   in the preceding respective paragraphs may disclose the subject Protected Material to the

7   identified Expert unless, within 14 days of delivering the request, the Party receives a written

8   objection from the Designating Party.  Any such objection must set forth in detail the grounds on

9   which it is based.

10                       (c)      A Party that receives a timely written objection must meet and

11  confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the

12  matter by agreement within seven days of the written objection.  If no agreement is reached, the

13  Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local

14  Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the

15  Court to do so.  Any such motion must describe the circumstances with specificity, set forth in

16  detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm

17  that the disclosure would entail, and suggest any additional means that could be used to reduce

18  that risk.  In addition, any such motion must be accompanied by a competent declaration

19  describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of

20  the meet and confer discussions) and setting forth the reasons advanced by the Designating Party

21  for its refusal to approve the disclosure.

22                       In any such proceeding, the Party opposing disclosure to the Expert

23  shall bear the burden of proving that the risk of harm that the disclosure would entail (under the

24  safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its

25  Expert.

26                       7.5      "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY"

27  information may be disclosed to a specifically designated House Counsel of a Party *only if* such

28                                                    -12-

disclosure is first agreed to in writing by the Designating Party or upon further order of the Court. Nothing in this Order will preclude such agreement or further order.  Any House Counsel allowed to see such information after an agreement or order must sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and will be bound by this Order.

8.    PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall not be involved in the prosecution of patents or patent applications relating to thermoformed cushion products, including without limitation the patent asserted in this action and any patent or application claiming priority to or otherwise related to the patent asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.   To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination or inter partes reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is first received by the affected individual and shall end two (2) years after final termination of this action.

9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" that Party must:

(a)    promptly notify in writing the Designating Party, and shall include a copy of the subpoena or court order.

-13-

SF01/ 731819.1

PHDATA 3353433_3

Stipulated Protective Order For Litigation
Involving Patents, Highly Sensitive Confidential
Information And/Or Trade Secrets

1          (b)     promptly notify in writing the party who caused the subpoena or

2  order to issue in the other litigation that some or all of the material covered by the subpoena or

3  order is subject to this Protective Order. and

4          (c)     cooperate with respect to all reasonable procedures sought to be

5  pursued by the Designating Party whose Protected Material may be affected.

6          If the Designating Party timely seeks a protective order, the Party served with the

7  subpoena or court order shall not produce any information designated in this action as

8  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" before a

9  determination by the Court from which the subpoena or order issued, unless the Party has obtained

10  the Designating Party's permission.  The Designating Party shall bear the burden and expense of

11  seeking protection in that court of its confidential material and nothing in these provisions should

12  be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful

13  directive from another Court.

14       10.    <u>NON-PARTY PROTECTED MATERIALS</u>

15          (a)     The terms of this Order are applicable to information produced by a

16  Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

17  ATTORNEYS' EYES ONLY".  Such information produced by Non-Parties in connection with

18  this litigation is protected by the remedies and relief provided by this Order.  Nothing in these

19  provisions should be construed as prohibiting a Non-Party from seeking additional protections.

20          (b)     In the event that a Party is required, by a valid discovery request, to

21  produce a Non-Party's confidential information in its possession and the Party is subject to an

22  agreement with the Non-Party not to produce the Non-Party's confidential information, then the

23  Party shall:

24          1.     promptly notify in writing the Requesting Party and the Non-

25  Party that some or all of the information requested is subject to a confidentiality agreement with a

26  Non- Party;

27

28                      -14-

Stipulated Protective Order For Litigation
Involving Patents, Highly Sensitive Confidential
Information And/Or Trade Secrets

SF01/ 731819.1

PHDATA 3353433_3

2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) cause such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This provision is not intended to modify

-15-

Stipulated Protective Order For Litigation
Involving Patents, Highly Sensitive Confidential
Information And/Or Trade Secrets

SF01/ 731819.1

PHDATA 3353433_3

1  whatever procedure may be established in an e-discovery order that provides for production

2  without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

3  parties reach an agreement on the effect of disclosure of a communication or information covered

4  by the attorney-client privilege or work product protection, the parties may incorporate their

5  agreement in the stipulated protective order submitted to the Court.

6        13.    <u>MISCELLANEOUS</u>

7           13.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

8  person to seek its modification by the Court in the future.

9           13.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

10  Protective Order no Party waives any right it otherwise would have to object to disclosing or

11  producing any information or item on any ground not addressed in this Stipulated Protective

12  Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of

13  the material covered by this Protective Order.

14           13.3   <u>Filing Protected Material</u>.  Without written permission from the Designating

15  Party or a court order secured after appropriate notice to all interested persons, a Party may not file

16  in the public record in this action any Protected Material.  A Party that seeks to file under seal any

17  Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed

18  under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

19  issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request

20  establishing that the Protected Material at issue is privileged, protectable as a trade secret, or

21  otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected

22  Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the

23  Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule

24  79-5(e) unless otherwise instructed by the Court.

25        14.    <u>FINAL DISPOSITION</u>

26           Within 60 days after the Final Disposition of this action, as defined in paragraph 4,

27  each Receiving Party must return all Protected Material to the Producing Party or destroy such

28                  -16-        Stipulated Protective Order For Litigation Involving Patents, Highly Sensitive Confidential Information And/Or Trade Secrets

SF01/ 731819.1

PHDATA 3353433_3

1   material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts,

2   compilations, summaries, and any other format reproducing or capturing any of the Protected

3   Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must

4   submit a written certification to the Producing Party (and, if not the same person or entity, to the

5   Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all

6   the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

7   not retained any copies, abstracts, compilations, summaries or any other format reproducing or

8   capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

9   retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

10  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

11  product, and  consultant and expert work product, even if such materials contain Protected

12  Material.  Any such archival copies that contain or constitute Protected Material remain subject to

13  this Protective Order as set forth in Section 4 (DURATION).

14

15  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

16

17  DATED: _Feb. 10, 2011_          _____

18                                  Attorneys for Plaintiff

19  DATED: _Feb 9, 2011_            _____

20                                  Attorneys for Defendant

21  IT IS SO ORDERED.

22

23

24  Date: _March 10, 2011_          _____

25                                  Hon. Paul Singh Grewal
                                    UNITED STATES MAGISTRATE JUDGE

26

27

28                                          -18-

SF01/ 731819.1

PHDATA 3353433_3

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have

read in its entirety and understand the Stipulated Protective Order that was issued by the United

States District Court for the Northern District of California on _____ in the case of

*Reflex Packaging, Inc., v. Stephen Gould Corporation*, Case No. 5:10-cv-2909 (LHK).  I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt.  I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my California

agent for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]

-18-

Stipulated Protective Order For Litigation
Involving Patents, Highly Sensitive Confidential
Information And/Or Trade Secrets

SF01/ 731819.1

PHDATA 3353433_3